UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RUDOLPH BETANCOURT,
    Plaintiff,
vs.

JAWAD SEBRING, LLC and HAVANA
RESTAURANT & BAKERY, CORP,
    Defendants.

## COMPLAINT

Plaintiff, RUDOLPH BETANCOURT (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendants, JAWAD SEBRING, LLC and HAVANA RESTAURANT & BAKERY, CORP (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant/bakery located on or about 2912 US Hwy 27 N. Sebring, FL 33870 (hereinafter "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## PARTIES

4. Plaintiff, RUDOLPH BETANCOURT, is currently a resident of Fenwick, Michigan in the County of Montcalm, is *sui juris*, and is a qualified individual under the ADA and the FACBC.

5. Plaintiff is a double leg amputee who uses prosthetic devices or a wheelchair to ambulate, a Marine Corps veteran with several friends, family, and colleagues throughout Florida who he frequently visits. Additionally, Plaintiff enjoys the Florida weather and the multiple sporting events, festivals, and events that occur throughout Florida. Plaintiff's frequent visit to Florida include:

   a. Coral Springs, FL on or about March 26, 2021,
   b. Pompano Beach, FL on or about March 28, 2021,
   c. West Palm Beach, FL on or about June 30, 2021,
   d. Miami Beach, FL on or about July 15, 2021,
   e. Jacksonville, FL on or about September 14, 2021,
   f. Weston, FL on or about September 16, 2021,
   g. Deerfield Beach, FL on or about September 17, 2021,
   h. Weston, FL on or about October 10, 2021,
   i. Sunrise, FL on or about October 11, 2021,
   j. Orlando, FL on or about March 5, 2022,
   k. Titusville, FL on or about July 9, 2022,
   l. Orlando, FL on or about July 21, 2022,
   m. Pompano Beach, FL on or about July 22, 2022,
   n. Boca Raton, FL on or about July 23, 2022,
   o. Stuart, FL on or about July 25, 2022,
   p. Boca Raton, FL on or about September 1, 2022,
   q. Margate, FL on or about January 5, 2023
   r. Ft. Lauderdale, FL on or about January 6, 2023,
   s. Pembroke Pines, FL on or about January 6, 2023,
   t. Coral Springs, FL on or about January 7, 2023,
   u. Plantation, FL on or about January 7, 2023,

    v. Weston, FL on or about January 8, 2023,

    w. Pompano Beach, FL on or about June 14, 2023,

    x. Ft. Lauderdale, FL on or about July 12, 2023, and

    y. Pompano Beach, FL on or about July 12, 2023.

**6.** Despite the physical limitations to which he is subjected as a result of his disability, Plaintiff continues to lead a full life, frequently travels, dines out, and is also an actively social and independent individual.

**7.** Defendant, JAWAD SEBRING, LLC, is a LLC which is authorized to and does transact business in the State of Florida and within this judicial district.

**8.** Pursuant to the Highlands Property Appraiser's Office, Defendant, JAWAD SEBRING, LLC, is the owner and/or operator/manager of the real property located on or 2912 US Hwy 27 N. Sebring, FL 33870 (hereinafter the "Subject Premises").  This is the building where the Subject Premises is located.

**9.** Defendant, HAVANA RESTAURANT & BAKERY, CORP, is a corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

**10.** According to the Florida Department of Business and Professional Regulation, the Defendant, HAVANA RESTAURANT & BAKERY, CORP, was licensed on February 18, 2019 to provide Permanent Food Service and Seating and occupies 2912 US Hwy 27 N. Sebring, FL 33870 as a restaurant/bakery known as "HAVANA RESTAURANT & BAKERY".

**11.** The Subject Premises is owned and/or operated by the Defendants and is a public accommodation required by law to comply with the ADA and ADAAG.

## FACTUAL ALLEGATIONS AND CLAIM

12.     Plaintiff recently visited the Subject Premises on or about June 14, 2023 and July 11, 2023 to dine and accessed to the extent possible, or attempted to access the Subject Premises and specific areas of the Subject Premises as described herein.

13.     While visiting the Subject Premises, Plaintiff personally encountered or observed several barriers to access in violation of the ADA and ADAAG as detailed further herein at Paragraph 17.  As a result, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of those barriers.

14.     Said barriers to access at the Subject Premises endanger the safety of Plaintiff and all other individuals with disabilities, deny Plaintiff and others with disabilities equal access to the Subject Premises as to that of able-bodied persons, and causes social embarrassment due to the difficulties encountering such barriers to access—a social embarrassment that would not occur if the Subject Premises was in compliance with the ADA and ADAAG.

15.     In encountering the barriers to access at the Subject Premises, and suffering the resulting discrimination, endangerment, and embarrassment—the Plaintiff sustained a lawful injury-in-fact pursuant to the ADA.

16.     Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA.  Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those

**17.** A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

### Exterior Accessible Routes

1. The restaurant does not provide at least one accessible route of travel from the accessible parking spaces to the building entrances they serve making it difficult for the plaintiff to traverse the parking lot. Violation: At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible route from a site arrival point to an accessible entrance shall be required as in §206.2.1 of the 2010 ADA Standards. Recommendation: Provide at least one compliant accessible route from the accessible parking spaces to the building entrances they serve in accordance with §206.2.1 of the 2010 ADA Standards. Estimated Cost: $500. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §206.2.1 of the 2010 ADA Standards. Accessible Routes

### Dining Area

2. The dining area does not provide at least 5% of compliant dining surfaces making it difficult for the plaintiff to utilize. Violation: Where dining surfaces are provided for the consumption of food or drink, at least 5% of the seating spaces and standing spaces at the dining surfaces shall comply with §226.1 of the 2010 ADA Standards. Recommendation: Provide at least 5% of compliant dining tables as required by §226.1 and §902 of the 2010 ADA Standards. Estimated Cost: $300.00. The removal of this barrier is readily available as this barrier is cited as an example of readily achievable in §226.1 and §902 of the 2010 ADA Standards. Dining Surfaces and Work Surfaces.
3. The dining tables in the dining area do not provide compliant knee clearance making it difficult for the plaintiff to utilize. Violation: Space under an element between 9 inches and 27 inches above the finish floor shall be considered knee clearance in pursuant to §306.3 and space under an element between 9 inches and 27 inches above the finish floor or ground and extending 25 inches maximum under an element at 9 inches above the finish floor or ground required knee clearance according to §306.3.2 complying with §902.2 of the 2010 ADA Standards. Recommendation: Provide at least 5%

---

elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

of dining tables with compliant knee clearance as required by §306.3 of the 2010 ADA Standards. Estimated Cost: $300.00. The removal of this barrier is readily available as this barrier is cited as an example of readily achievable in §306.3 of the 2010 ADA Standards. Knee Clearance, Dining Surfaces and Work Surfaces.

4. The bar dining surfaces do not provide at least 5% of compliant table seating at a lowered section of the bar or an alternate table making it difficult for the plaintiff to utilize. Violation: Where dining surfaces are provided for the consumption of food or drink, at least 5% of the dining surfaces shall comply with §226.1 of the 2010 ADA Standards. Recommendation: Provide at least 5% of compliant dining tables and lower the section of the bar surface to a compliant height as required by §226.1 and §902.3 of the 2010 ADA Standards. Estimated Cost: $300.00. The removal of this barrier is readily available as this barrier is cited as an example of readily achievable in §226.1 and §902.3 of the 2010 ADA Standards. Dining Surfaces and Work Surfaces.

**Unisex Public Restroom**

5. The unisex restroom does not provide clear floor space due to the signage mounted on the outswing door making it difficult for the plaintiff to identify the restroom as accessible. Violation: Where a tactile sign is provided at a door, the sign shall be located alongside the door at the latch side. Signs containing tactile characters shall be located so that a clear floor space of 18 inches minimum by 18 inches minimum, centered on the tactile characters, is provided beyond the arc of any door swing between the closed position and 45 degrees open position complying with §703.4.2 of the 2010 ADA Standards. Recommendation: Provide signage with the International Symbol of Accessibility (ISA) and braille on the latch side of the wall complying with §703.5, §703.5.5, and §703.7.2. Estimated Cost: $75. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §703.5, §703.5.5, and §703.7.2 of the 2010 ADA Standards. Communication Elements and Features, Location.
6. The coat hook exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to reach. Violation: The coat hook shall be located within one of the reach ranges complying with §308.2 and §308.3 as required in §604.8.3 of the 2010 ADA Standards. Recommendation: Install a new coat hook at the compliant height not to exceed the maximum requirement of 48 inches above the finish floor. Estimated Cost: Less than $100.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.8.3 of the 2010 ADA Standards. Toilet Compartments.
7. The mirror exceeds the maximum height requirement of 40 inches above the finish floor making it difficult for the plaintiff to utilize. Violation: Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches maximum above the finish floor or ground in accordance with §603.3 of the 2010 ADA Standards. Recommendation:

Relocate or install a new mirror at the compliant height, not to exceed 40 inches above the finish floor to the bottom edge of the reflecting surface as required by §603.3. Estimated Cost: $250. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §603.3 of the 2010 ADA Standards. Toilets and Bathing Rooms.

8. The lavatory obstructs the water closet's 60 inches of clear floor space measured perpendicular from the side wall making it difficult for the plaintiff to transfer onto the toilet. Violation: The clearance around a water closet shall be 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall as required in §604.3.1 of the 2010 ADA Standards. No other fixtures or obstructions shall be located within the required water closet clearance as required by §604.3.2 of the 2010 ADA Standards. Recommendation: Reconfigure and remodel the restroom to provide the required clear floor space around the water closet as required by 604.3.1. Estimated Cost: $5,000. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.3.1 of the 2010 ADA Standards. Water Closets. Size. Overlap

9. The toilet does not provide a compliant rear wall grab bar that is 36 inches long minimum making it difficult for the plaintiff to transfer onto the toilet. Violation: The rear wall grab bar shall be 36 inches long minimum and extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side in accordance with §604.5.2 of the 2010 ADA Standards. Recommendation: Provide a new 36-inch-long grab bar as required by 604.5.2. Estimated Cost: $300. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.3.1 of the 2010 ADA Standards. Water Closets. Size. Overlap.

10. The flush control is not located on the open side of the toilet making it difficult for the plaintiff to utilize. Violation: Flush controls shall be hand operated or automatic, hand operated flush controls shall comply with §309 flush controls shall be located on the open side of the water closet as required in §604.6 of the 2010 ADA Standards. Recommendation: Install a new water closet with the flush control on the compliant open side and operable with one hand as required. Estimated Cost: $1,000. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.6 of the 2010 ADA Standards. Flush Controls.

11. The paper towel dispenser is mounted above the maximum height range making it difficult for the plaintiff to utilize. Violation: Where a forward reach is unobstructed, the high reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor, as required in §308.2.1, where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum and the low side reach shall be 15 inches minimum above the finish floor in accordance with §308.3 of the 2010 ADA Standards. Recommendation: Provide a lowered paper towel dispenser in a compliant

location not to obstruct any element and not exceeding 48 inches above the finish floor. Estimated Cost: $75. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §308.2.1 and §308.3 of the 2010 ADA Standards. Reach Ranges.

18. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to photograph, measure and determine all of the discriminatory acts violating the ADA.

19. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R, § 36.304.

20. The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses."42 U.S.C. §12181(9) Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10)geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006).

21. The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

22. Because, *inter alia,* this facility was designed, constructed, and received its State Licensure on February 18, 2019, Plaintiff asserts that said ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.

23. Plaintiff will undoubtedly return to the Subject Premises once the barriers to access have been remediated—not only to avail himself of the goods and services available at the Subject Premises, but to confirm and assure himself that the Subject Premises has been brought into compliance with the ADA and *maintained* in compliance with the ADA so that Plaintiff and other persons with disabilities will have equal access to the Subject Premises without fear of discrimination, endangerment of their safety, or social and public embarrassment.

24. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights. However, Plaintiff is deterred from returning to the Subject Premises as long as the Defendants continue to operate the Subject Premises in violation of the ADA and ADAAG.

25. Plaintiff has a realistic, credible, and continuing threat of discrimination by the Defendants as long as the Subject Premises remains in non-compliance with the ADA.

26. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges,

advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

27. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

28. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

29. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

30. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it

readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

    Respectfully submitted,

s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
    *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, Florida 33432
(561) 571-0646
WassenbergL@gmail.com

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
    *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(305) 900-2373
GGoldstein@G2Legal.net